**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**THIRD DIVISION**

Don B. Fuller,

Plaintiff,

vs.

Brett Richard Hanson, aka Robert B. Hanson and R.B. Hanson; Cindy Louise Hanson; J.D.E., Inc., d/b/a Imprints; Imprints, Inc.; U.S. Workforce d/b/a Imprints; Imprint Technologies, Inc.; Imprint Technology's Inc.; Safety Line, Inc.; Imprint Technologies, LLC; John David Hoilland; Thomas F. Miller; Vance O. Bushay; and Jeffrey A. Olson,

Defendants.

Civil File No. 01-1109 DWF/AJB

**ORDER ON MOTIONS TO STAY DISCOVERY AND MOTIONS TO STRIKE**

---

This matter is before the Court, United States Magistrate Judge Arthur J. Boylan, on the motions of defendants Hoilland,[1] Miller, and Olson to strike allegations in the complaint pursuant to Fed. R. Civ. P 12(f) [Docket No. 4] and for stay of discovery [Docket No. 3] pending decision on motion to dismiss; motions of defendant Bushay to strike allegations in the complaint pursuant to Fed. R. Civ. P 12(f) [Docket No. 6] and for stay of discovery [Docket No. 5] pending decision on motion to dismiss; and motions of defendants Brett Hanson and Cindy Hanson to strike allegations in the complaint pursuant to Fed. R. Civ. P 12(f) [Docket No. 19]

---

[1] The surname of defendant Hoiland has been alternatively spelled Hoilland and Hoiland in various pleadings, memorandums and documents. The defendant has not proposed to correct the spelling, though his own submissions give the spelling as Hoiland. The Court has herein used the spelling provided in the caption, except in reference to defendant's own pleadings.



DEC 19 2001
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

and for stay of discovery [Docket No. 7] pending decision on motion to dismiss. Each of the above-named defendants has also moved for dismissal of claims against them [Docket Nos. 4, 6, and 19], and defendants Brett and Cindy Hanson and Imprints have moved for an order striking plaintiff's responsive affidavits and enjoining plaintiff from commencing further litigation without leave of Court [Docket No. 17]. Finally, a motion to dismiss has also been presented on behalf of defendants J.D.E., Inc. d/b/a Imprints; Imprints, Inc., U.S. Workforce, Inc. d/b/a Imprints, Imprint Technology's, Inc., and Safety Line, Inc. on grounds that the entities do not presently exist and have not been properly served.[2] Hearing on the motions was held on September 10, 2001, at the U.S. Courthouse, 316 No. Robert St., St. Paul, MN 55101. Plaintiff Don B. Fuller, Esq., appeared pro se. Sandra K. Kensy, Esq., appeared on behalf of defendants Brett Hanson and Cindy Hanson, Imprint Technologies, Inc. and Imprint Technologies, LLC; John M. Degnan, Esq., and Christopher R. Morris, Esq., appeared on behalf of defendants Hoiland, Miller, and Olson; and defendant Vance O. Bushay, Esq., appeared pro se. Motions to dismiss and motion to strike responsive affidavit and enjoin further litigation will be addressed separately by report and recommendation.

Based upon the file and documents contained therein, along with memorandums and oral arguments of counsel, **IT IS HEREBY ORDERED THAT:**

1. Motion of Defendants Hoiland, Miller and Olson to Stay Discovery is **granted**

---

[2] Plaintiff asserts that he intends to seek leave to amend the complaint to allege claims against additional defendants. No such motion to amend is properly before the Court. Plaintiff also contends the appropriate motion by defendants under the current circumstances is a motion for more definite statement pursuant to Fed. R. Civ. P. 12(e), and that as an alternative to dismissal he be allowed to amend the complaint to assert claims with further particularity. Likewise, such motions are not properly before the Court.

[Docket No. 3].

2. Motion of Defendant Vance O. Bushay to Stay Discovery is **granted** [Docket No. 5].

3. Motion to Stay Discovery by defendants Brett Richard Hanson, Cindy Louise Hanson, Imprint Technologies, Inc., and Imprint Technologies, LLC. is **granted** [Docket No. 7].

4. Motion of Defendants Hoiland, Miller and Olson to Strike Allegations in the Complaint is **granted** [Docket No. 4].

5. Motion of Defendant Vance O. Bushay to Strike Allegations in the Complaint is **granted** [Docket No. 6].

6. Motion to Strike Allegations in the Complaint by defendants Brett Richard Hanson, Cindy Louise Hanson, Imprint Technologies, Inc., and Imprint Technologies, LLC. is **granted** [Docket Nos. 8 and 19].

7. Counsel for defendants shall confer with one another for purposes of reviewing the complaint and shall thereafter serve upon plaintiff and submit to the Court a jointly-prepared copy of the complaint in which gratuitous references to a defendant's alcoholism, alcohol use, intoxication, preference for intoxication, drug use, chemical dependency, gambling habits, bookmaking, addictions, treatment or lack of treatment, womanizing behavior, and other statements regarding a defendant's personal conduct or habits, shall have been marked for deletion by a line through those offending words and phrases, such that the terms to be stricken remain readable. Defendants shall serve the red-lined complaint upon plaintiff and shall submit the document to the Magistrate Judge within five days of the date of this Order. Plaintiff shall thereafter have five days to serve and submit to the Magistrate Judge any objections to proposed

deletions. Plaintiff's may contest proposed deletions only to the extent that they may exceed the Court's Order as provided herein. Plaintiff's response may not include argument in opposition to the motion to strike, may not contain argument to the effect that the above–stricken material is pertinent to claims in this case, and shall not state opposition to deletion of express references to a defendant's alcoholism, alcohol use, intoxication, preference for intoxication, drug use, chemical dependency, gambling habits, bookmaking, addictions, treatment or lack of treatment, womanizing behavior, and other statements regarding a defendant's personal conduct or habits.

Dated: 12/19/01

Arthur J. Boylan
United States Magistrate Judge

**MEMORANDUM**

Plaintiff in this matter has filed a lengthy complaint containing allegations that each of the above defendants has committed acts in violation of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C.§1961 et seq. Plaintiff also asserts state law claims for infliction of emotional distress. As noted above defendants have moved to dismiss the complaint in its entirety and further move to strike those assertions in the complaint which allege or reference the personal behavior and conduct of various individual defendants. Defendants have also moved to stay all discovery pending the Court's decision on the motions to dismiss. The motion to stay discovery is clearly a non-dispositive motion, subject to order of the

Magistrate Judge under Local Rule 7.1(a), and the motion to strike allegations in the complaint pursuant to Fed. R. Civ. P. 12(f) is likewise non-dispositive and subject to order of the Magistrate Judge under circumstances in which the material is issue does not relate to the elements or merits of the claims, and such material is not in itself the basis for the motion to dismiss, but rather, is alleged to be redundant, immaterial, impertinent, or scandalous.

**Discovery Stay.** In his opposition to the defendants' motions to dismiss, plaintiff contends that the complaint is factually sufficient to survive Rule 12 motions. Though plaintiff has submitted materials outside the pleadings and contends that the motion should be treated as a motion for summary judgment under Fed. R. Civ. P. 56, plaintiff does not expressly argue, and the Court does not find, that either party requires further opportunity to obtain and present additional material for purposes of proper disposition under Rule 56. Plaintiff has not moved for discovery, has not asked for continuance in order to conduct discovery, has not identified particular areas which should be the subject of additional discovery, and essentially has not opposed the motion to stay discovery. Under these circumstances a stay of discovery pending final decision on motions to dismiss is appropriate and is granted. See Dulany v. Carnahan, 132 F.3d 1234 (8th Cir. 1997) citing In re TMJ Implants Products Liability Litigation, 113 F.3d 1484, 1490 (8th Cir. 1997).

**Motions to Strike Allegations.** Defendants Hoiland, Miller, Olson and Bushay contend that allegations with respect to alcohol use, chemical dependency, gambling, and womanizing are false and not relevant to any injury claimed by plaintiff and should be stricken pursuant to Fed. R. Civ. P. 12(f) on grounds that the allegations are redundant, immaterial, impertinent, and scandalous. Defendants Brett Hanson and Cindy Hanson also move to strike

allegations relating to personal behavior on grounds that the assertions are immaterial to the claims and that they are prejudicial, scandalous, and serve no legal purpose. Upon review of the complaint the Court concludes that the pleading is replete with allegations relating to the personal conduct and habits of various defendants which are redundant, scandalous and not pertinent to underlying claims in this case, and that the statements at issue serve no legal or factual purpose. Plaintiff does not expressly oppose the motion to strike and does not offer any legal justification for the inclusion of such comments in the complaint. The Court therefore determines that the allegations at issue are redundant, immaterial, impertinent, or scandalous and are properly stricken in order to purge the record of repetitive, irrelevant, and scandalous accusations regarding the personal and private behavior of certain defendants. See 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, §1382 (2d Ed. 1990). However, since defendants' motions to strike seek deletion of allegations by general descriptive reference to types of offending comments rather than by reference to specifically identified paragraphs and sentences in the complaint, the Court finds that further delineation by defendants is required. In this regard defendants are cautioned that motions to strike on these grounds are generally disfavored. Id., page 683. Proposed deletions therefore should be limited and care taken not to exceed the scope of material allowed to be stricken pursuant to the Court's Order. On the other hand, plaintiff is advised that his opportunity to respond should not be construed as an invitation to relitigate the motion to strike allegations in the complaint.