**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**THIRD DIVISION**

Don B. Fuller,

Plaintiff,

vs.

Brett Richard Hanson, aka Robert B. Hanson and R.B. Hanson; Cindy Louise Hanson; J.D.E., Inc., d/b/a Imprints; Imprints, Inc.; U.S. Workforce d/b/a Imprints; Imprint Technologies, Inc.; Imprint Technology's Inc.; Safety Line, Inc.; Imprint Technologies, LLC; John David Hoilland; Thomas F. Miller; Vance O. Bushay; and Jeffrey A. Olson,

Defendants.

Civil File No. 01-1109 DWF/AJB

**REPORT AND RECOMMENDATION ON MOTIONS TO DISMISS**

---

This matter is before the Court, United States Magistrate Judge Arthur J. Boylan, on the motion of defendants Hoilland, Miller, and Olson for dismissal pursuant to Fed. R. Civ. P. 9(b) and 12(b) [Docket No. 4]; motion of defendant Bushay for dismissal pursuant to Fed. R. Civ. P. 9(b) and 12(b) [Docket No. 6]; and motion of defendants Brett Hanson and Cindy Hanson, along with co-defendants Imprint Technologies, Inc. and Imprint Technologies, LLC, (Imprints), for dismissal on various grounds including Fed. R. Civ. P. 9(b) and 12(b), and provisions of the bankruptcy code [Docket Nos. 8 and 19]. Each of the individual defendants also moved to strike allegations in the complaint pursuant to Fed. R. Civ. P. 12(f), and all of the above-named defendants moved for stay of discovery pending ruling on motions to dismiss. In addition, defendants Brett and Cindy Hanson and Imprints have moved for an order striking



DEC 21 2001
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

plaintiff's responsive affidavits and enjoining plaintiff from commencing further litigation without leave of Court [Docket No. 17]. Finally, a motion to dismiss has also been presented on behalf of defendants J.D.E., Inc. d/b/a Imprints; Imprints, Inc., U.S. Workforce, Inc. d/b/a Imprints, Imprint Technology's, Inc., and Safety Line, Inc. on grounds that the entities do not presently exist and have not been properly served.[1] Hearing on the motions was held on September 10, 2001, at the U.S. Courthouse, 316 No. Robert St., St. Paul, MN 55101. Plaintiff Don B. Fuller, Esq., appeared pro se. Sandra K. Kensy, Esq., appeared on behalf of defendants Brett Hanson and Cindy Hanson, Imprint Technologies, Inc. and Imprint Technologies, LLC; John M. Degnan, Esq., and Christopher R. Morris, Esq., appeared on behalf of defendants Hoiland,[2] Miller, and Olson; and defendant Vance O. Bushay, Esq., appeared pro se. The matter has been referred to the Magistrate Judge for report and recommendation under 28 U.S.C. §636(b)(1).

Plaintiff in this action has filed a complaint which purports to allege federal claims for violation of provisions of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C.§1961 et seq., along with state law claims for infliction of emotional distress.

---

[1] Plaintiff asserts that he intends to seek leave to amend the complaint to allege claims against additional defendants. No such motion to amend is presently before the Court. Plaintiff also contends the appropriate motion by defendants under the current circumstances is a motion for more definite statement pursuant to Fed. R. Civ. P. 12(e), and that as an alternative to dismissal he be allowed to amend the complaint to assert claims with further particularity. These motions are likewise not before the Court. Furthermore, defendants do not allege a general lack of particulars in the complaint, but rather, assert that for various reasons the alleged particulars will not support the causes of action.

[2] The surname of defendant Hoiland has been alternatively spelled Hoilland and Hoiland in various pleadings, memorandums and affidavits. The defendant has not proposed to correct the spelling, though his own submissions give the spelling as Hoiland. The Court has herein used the spelling provided in the caption, except in reference to defendant's own pleadings.

Defendants, as indicated above, now move to dismiss the complaint in its entirety and further moved to strike those assertions in the complaint which allege or reference the personal behavior and conduct of various individual defendants. Defendants Hoiland, Miller, Olson and Bushay contend that allegations with respect to alcohol use, chemical dependency, gambling, and womanizing are false and not relevant to any injury claimed by plaintiff and should be stricken pursuant to Fed. R. Civ. P. 12(f) on grounds that the allegations are redundant, immaterial, impertinent, and scandalous. Defendants Brett Hanson and Cindy Hanson also moved to strike allegations relating to personal behavior on grounds that the assertions are immaterial to the claims and that they are prejudicial, scandalous, and serve no legal purpose. For reasons discussed below, it is recommended that motions by all defendants to dismiss this action be granted and that this matter be dismissed with prejudice with respect to all federal counts and that the Court decline to exercise supplemental jurisdiction with respect to emotional distress claims. By previous Order dated December 19, 2001, the Magistrate Judge has ordered that defendants' non–dispositive motions to strike certain allegations from the complaint and motions to stay discovery be granted and that all portions of the complaint which allege or reference alcohol and/or drug use by particular defendants, a defendant's chemical dependency and treatment or non-treatment for such chemical dependency, a defendant's gambling habits or addiction, and a defendant's "womanizing" behavior, be stricken from the plaintiff's pleadings in this case.

**Background and Claims**

Plaintiff Don Fuller is an attorney admitted to the Illinois bar in 1971, and the Minnesota bar in 1990. Prior to moving to Minnesota he had practiced in Illinois much of the time since graduating from law school in 1971. He is also certified as a military judge. He

served on active duty in the United States Marine Corps from 1972 until June 1976, and again from 1983 to 1986. Plaintiff was in the Marine Reserves between terms of active duty and following final discharge, until retirement as a full colonel in 1994.

Plaintiff began representing defendant Brett Hanson and various businesses controlled by Hanson, including the defendant Imprints companies, in 1990. In 1996, plaintiff represented Imprint Technologies in bankruptcy and unlawful detainer proceedings until withdrawing as counsel for Imprints on June 3, 1996, the day before a scheduled hearing in Hennepin County District Court in the unlawful detainer matter. Meanwhile, plaintiff also failed to take certain required actions in regards to the pending Imprints bankruptcy case. Fuller did not notify his client or the Hennepin County District Court of his withdrawal as counsel in the unlawful detainer action and did not seek permission from the United States Bankruptcy Court to withdraw from the bankruptcy matter. After discontinuing his representation of Imprints in June 1996, plaintiff wrote several letters to third parties in which he discussed matters relating to his representation of Brett Hanson, including references to Hanson's plans to undergo chemical dependency treatment and his own receipt of worthless checks from Hanson. Plaintiff also wrote letters to United States Bankruptcy Judges in which he accused Hanson of misconduct in the course of Imprint's pending bankruptcy proceedings.

These actions by Mr. Fuller, along with other conduct in connection with his representation of Hanson and Imprint Technologies, led to commencement of disciplinary actions against the plaintiff by the Minnesota Director of the Office of Lawyers Professional Responsibility. A disciplinary hearing was held in April 2000. The referee heard testimony and

received exhibits upon which he based findings and conclusions[3] that plaintiff had violated provisions of the Minnesota Rules of Professional Conduct by actions which included withdrawing from representation of Imprint without giving reasonable notice and without obtaining Court permission; revealing confidences and secrets of clients; making false statements regarding Hanson's activities; making false statements regarding his receipt of fees; and submitting false information in the course of the disciplinary investigation. The Minnesota Supreme Court reviewed the hearing record and the referee's findings and conclusions, found that respondent Fuller had committed professional misconduct, and determined that the appropriate discipline would be indefinite suspension with reinstatement conditioned upon Fuller providing adequate psychological or medical evidence establishing the absence of any psychological problem that would prevent his competent and diligent practice of law within the rules of conduct. In re: Petition for Disciplinary Action Against Donald Bedelle Fuller, 621 F.W.2d 460, 470-71 (Minn. 2001). Plaintiff thereafter commenced this action in United States District Court by filing a complaint asserting claims against his former individual and corporate clients, as well as claims against lawyers who have represented the former clients in various bankruptcy proceedings. The complaint alleges violation of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C.§1961 et seq., and also contains a count for infliction of emotional distress under state law. Defendants contend that the complaint does not allege conduct that would constitute a RICO violation and does not allege damages resulting from any alleged RICO violation. Defendants also argue that plaintiff fails to state essential

---

[3] Memorandum of Defendants Hoiland, Miller and Olson in Support of Motions to Dismiss, Strike Allegations in Complaint, and Stay Discovery; Exhibit A, Findings of Fact, Conclusions of Law and Recommendation dated May 23, 2000.

elements and facts to support a claim for infliction of emotional distress. Defendants Brett Hanson and Imprint Technologies also insist that claims against them in this action are barred by discharge in bankruptcy and the Court should decline to exercise supplemental jurisdiction over the state law emotional distress claim.

## DISCUSSION

### Standard of Review

**Motion to Dismiss.** On a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) the court should liberally construe a pro se complaint and should not dismiss claims "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [the] claim which would entitle [the plaintiff] to relief." Holloway v. Lockhart, 792 F.2d 760, 761-62 (8th Cir. 1986)(citing Conley v. Gibson, 78 S.Ct. 99, 101-02 (1957). A plaintiff cannot rely upon general and conclusory allegations to survive a Rule 12(b)(6) motion, Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985), but the court must presume that factual allegations in the complaint are true and accord reasonable inferences in favor of the non-moving party. Holloway, 792 F.2d at 762. In determining the sufficiency of the complaint with respect to allegations of fraud the court must consider the heightened pleading requirement established pursuant to Fed. R. Civ. P. 9(b) which requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Lachmund v. ADM Investor Services, Inc., 191 F.3d 777, 782 (7th Cir. 1999). Furthermore, the heightened pleading requirement for fraud claims likewise applies to RICO claims. Goren v. New Vision Int'l, Inc., 156 F.3d 721, 726 (7th Cir. 1998), and in a multiple defendant case, Rule 9(b) requires the plaintiff alleging RICO claims to plead sufficient facts to give each defendant notice of his or her alleged participation in the

offending scheme. Id.

When matters outside the pleadings are presented with a Rule 12(b)(6) motion, and those matters are not excluded by the court, the motion should be treated as a Fed. R. Civ. P. 56 motion for summary judgment. Defendants in this instance have moved to dismiss under Rule 12 without reference to the Rule 56 alternative, though defendants Hoiland, Miller and Olson submitted an affidavit of counsel and exhibits[4] along with their memorandum in support of their motion to dismiss, and defendant Brett Hanson submitted an affidavit denying sufficiency or propriety of service on several defendants named in the complaint caption. Plaintiff's response to defendants' motion to dismiss included his own affidavit containing fact allegations and numerous attached exhibits,[5] along with a supplemental affidavit in support of allegations,

---

[4] Exhibit A, Referee's Findings of Fact, Conclusions of Law and Recommendation in Disciplinary Action Against Donald Bedelle Fuller; Exhibit B, Formal Request for Rule 26F Conference by Donald Bedelle Fuller, dated July 7, 2001.

[5] Plaintiff has submitted numerous additional exhibits which include a copy of a tax lien, Exh. 1; a bankruptcy petition, Exh. 2; a letter written by plaintiff in July 2001, Exh. 3; an affidavit of Pamela Jordan, Exh. 4; a letter written by defendant Wilson in November 1990, Exh. 5; a letter written by plaintiff in February 1999, Exh. 6; an affidavit of Ronn Van Krevelen, Exh. 7; a letter written by plaintiff in July 2001, Exh. 8; a confidential internal memorandum, Exh. 9; state and federal tax lien notices, Exh. 10-24; proof of tax claims, Exh. 25; a federal criminal information dated March 16, 1998, and plea agreement, Exh. 26; a police report, Exh. 27; a letter from the Minnesota Attorney General dated August 12, 1996, Exh. 28; a letter written by plaintiff in June 1998, Exh. 29; an affidavit of Frank Jermusek, Exh. 30; an affidavit of Lynn Klicker Uthe, Exh. 31; an affidavit of Pamela Jordan, Exh. 32; a letter from defendant Hanson and response dated May 2, 2000, Exh. 33; a letter from defendant Hanson dated May 18, 2000, Exh. 34; a letter dated January 31, 1998, by plaintiff, Exh. 35; a bankruptcy court notice of appearance of counsel, Exh. 36; a bankruptcy court notice of withdrawal and substitution of counsel, Exh. 37; U.S. Supreme Court Petition for Writ of Certiorari, Exh. 38; an affidavit of Dan Gray, Exh. 39; a letter written by plaintiff, dated August 3, 1998, Exh. 40; an affidavit of Lloyd S. Myster, Exh. 41; an affidavit of Richard Wilberg, Exh. 42; an affidavit of Gary Wayne Fish, Exh. 43; an affidavit of Kenneth J. Figge, Exh. 44; an affidavit of Robert Eldridge, Exh. 45; an affidavit of Paul Norby, Exh. 46; a letter written by plaintiff in November 1997, Exh. 47; a letter written by plaintiff on June 29, 2001, Exh. 48; a FAX transmission and response dated May 31, 1996, Exh.

and attached exhibits.[6] Defendants Brett and Cindy Hanson and Imprints have moved to strike plaintiff's responsive pleadings, and in particular move to strike plaintiff's affidavit and exhibits, and plaintiff's supplemental affidavit. Plaintiff Don Fuller contends that the additional materials are submitted to "provide insight into what the actual numerous witnesses, including many government employees will confirm in discovery and at trial,"[7] and that such submissions compel the Court to treat the defendants' Rule 12 motions as a motions for summary judgment.

**Pleadings and Record.** As noted above, when matters outside the pleadings are presented with a Rule 12(b)(6) motion, and those matters are not excluded by the court, the motion should be treated as a Fed. R. Civ. P. 56 motion for summary judgment. However, on a motion to dismiss for failure to state a claim, the court may consider extraneous materials that are outside the complaint if such materials are "necessarily embraced" by the pleadings. Piper Jaffray v. National Union Fire Insur. Co., 967 F.Supp. 1148, 1152 (D. Minn. 1997) citing Vizenor v. Babbitt, 927 F.Supp. 1193, 1198 (D. Minn. 1996). See also Parnes v. Gateway 2000, Inc., 122 F.3d 539, 546 n.9 (8th Cir. 1997). Materials which are necessarily embraced by pleadings may

---

49; a memorandum from defendant Hanson dated May 29, 1996, Exh. 50; an affidavit of Donald William Norris, Exh. 51; a letter written by defendant Hanson dated May 31, 1991, Exh. 52; a FAX letter written by Scott Janke, dated January 22, 1999, Exh. 53; notice of judgment lien, Exh. 52 (duplicate Exh. number); creditor lists, Exh. 53 (duplicate Exh. number)-55.

[6] Supplemental Affidavit exhibits. Letter from the Commandant of the Marine Corps dated January 7, 1998, Exh. 1; a letter from David S. Doty dated February 24, 1992, Exh. 2; affidavit of Lloyd S. Myster, Exh. 3, (duplicate Exh. 41); affidavit of Richard Wilberg, Exh. 4, (duplicate Exh. 42); Affidavit of Don B. Fuller, Report of Allegations of Rule 11 Violations by the Director and an Employee of the Minnesota Office of Lawyer's Professional Responsibility, Exh. 5; psychologist letter dated December 7, 2001, Exh. 6; psychologist letter dated July 24, 2001, Exh. 7.

[7] Letter to the Court from plaintiff, dated October 12, 2001, and copied to defense counsel.

include copies of underlying pleadings and documents incorporated by reference. Piper Jaffray at 1152. In addition, materials which are public record may be considered in deciding a motion to dismiss. E.E.O.C. v. American Home Products, Corp., 199 F.R.D. 620 (N.D. Iowa 2001) citing Missouri ex rel. Nixon v. Coeur D'Alene Tribe, 164 F.3d 1102, 1107 (8th Cir. 1999). On the other hand, "written or oral evidence in support of or in opposition to the pleading that provides some substantiation for and does not merely reiterate what is said in the pleading," may be construed as "matters outside the pleadings," requiring treatment of the motion as one for summary judgment. Hamm v. Rhone-Poulenc Rorer Pharmaceuticals, Inc., 187 F.3d 941, 948 (8th Cir. 1999).

Additional submissions by the defendants in this matter include an affidavit by defendant Brett Hanson asserting that the entity named J.D.E., Inc., d/b/a Imprints, has been dissolved and he is not authorized to accept service on its behalf; that the entity named Imprints, Inc. was operated as an assumed name under J.D.E., Inc, the assumed name has expired, and he is not authorized to accept service on its behalf; that the company named U.S. Workforce, d/b/a Imprints, does not exist as a legal entity, was sold by plaintiff in 1991, and he is not authorized to accept service on its behalf; that the name Imprint Technology's Inc. is the product of a scrivener's error which was corrected and the company does not exist under that spelling; and that the name Safety Line, Inc. is an assumed name which has not been used since 1994, is not the name of a Minnesota corporation, and he is not authorized to accept service on its behalf. These affidavit contentions regarding the status of named defendants and service of process on them constitutes material outside the pleadings which may considered by the Court, along with exhibits offered by plaintiff for the purpose of refuting the allegations of ineffective service.

With respect to these defendants and issues regarding service of process the motion may be reviewed as a Rule 56 motion for summary judgment. In that regard, the Court finds that the present evidentiary record is insufficient to permit a determination on the effectiveness of service but further concludes that federal claims against these defendants should be dismissed on abstention grounds as discussed below.

Other materials submitted by defendants in this action include an affidavit of Christopher Morris which contains no factual evidence either supporting or opposing allegations in the pleading and is therefore excluded. Exhibit A to the Morris affidavit is the referee's findings, conclusions, and recommendation from plaintiff's disciplinary hearing and may properly be reviewed as a public record which does not necessarily required conversion of the motion from Rule 12 to Rule 56. Exhibit B to the Morris affidavit appears to apply to the concurrent motion to stay discovery rather than the motion to dismiss and is excluded for lack of relevance to the dismissal motion. The submissions of the parties moving for dismissal pursuant to Rule 12(b)(6) do not compel the Court to address this motion to dismiss under Rule 56. However, plaintiff's presentation of extrinsic evidence through his affidavits and exhibits offered in opposition to dismissal effectively converts the motion to one for summary judgment where the material is not excluded and it appears that plaintiff is relying upon facts outside the four corners of the complaint to support his position. Hamm v. Rhone-Poulenc Rorer Pharmaceuticals, Inc., 187 F.3d 941, 948. In this instance the Court declines to exclude the materials from the review on this motion but does not thereby acknowledge that any of the materials effectively supports the causes of action alleged in the complaint. The motion of defendants Brett and Cindy Hanson and Imprints to strike responsive pleadings of plaintiff will

therefore be denied [Docket No. 17]; such extraneous material will be reviewed; and the present motion to dismiss will be addressed in the context of a Rule 56 motion for summary judgment. Furthermore, the record on motion for summary judgment is sufficient, and additional discovery is not required under circumstances in which the non-moving party has submitted extensive affidavits and exhibits in opposition to dismissal and has not requested continuance under Fed. R. Civ. P. 12(f) to permit him to obtain additional affidavits, depositions or other discovery. Specifically, plaintiff has not indicated to the Court what facts might be uncovered by additional discovery, and he does not appear to be seeking additional discovery with respect to this motion, though defendant's Exhibit B, attached to the Affidavit of Christopher R Morris, suggested that plaintiff anticipates further discovery in this federal action. Indeed, plaintiff insists that his complaint is adequate on its face in light of its extensive recitation of facts to support fraud, racketeering, and emotional distress claims. The Court will consider all of the material that has been submitted, but finds that the record is sufficient and the matter is ripe for summary judgment review. See E.E.O.C. v. American Home Products, Corp., 199 F.R.D. 620, 631-32 (N.D. Iowa 2001).

**Federal Claims**

Plaintiff alleges violations of federal law in allegations asserted in Count I through Count V, which are identified in the complaint as separate RICO claims against Richard Hanson, Cindy Hanson, and Imprints (Count I); attorney Jon David Hoilland (Count II); attorney Thomas F. Miller (Count III); attorney Jeffrey A. Olson (Count IV); and attorney Vance O. Bushay (Count V). Each of the above defendants moves the Court to dismiss the federal claim for failure to state a claim under RICO.

To establish a violation of 18 U.S.C. § 1962(c) (RICO) a plaintiff must demonstrate: (1) the existence of an enterprise; (2) the defendant's association with the enterprise; (3) defendant's participation in predicate acts of racketeering; and (4) that defendant's actions constitute a pattern of racketeering activity. United HealthCare Corp. v. American Trade Ins. Co., Ltd., 88 F.3d 563, 570 (8th Cir. 1996) citing Sedima, S.P.R.L. v. Imrex Co., 473 U.S. 479, 496, 105 S.Ct. 3275, 3285 (1985). In addition, a plaintiff only has standing to prosecute a RICO claim if he has been injured in his business or property by the conduct constituting the violation. Handeen v. Lemaire, 112 F.3d 1339, 1347 (8th Cir. 1997) citing Sedima, S.P.R.L. 473 U.S. at 496. Defendants contend that plaintiff's extensive complaint, including its exhaustive recitation of facts, does not allege elements of a RICO action which are necessary to stating a claim. However, the more fundamental argument for dismissal in this instance is the defendants' contention that the complaint does not identify any injury to plaintiff's business or property which could properly be construed as injury resulting from a RICO violation and thereby giving plaintiff standing to prosecute his claims.

Plaintiff insists that he has pleaded injury with sufficient particularity to establish his standing to bring this action under RICO, and thereby survive motion to dismiss on that ground, by virtue of his complaint allegation that:

> Plaintiff was injured in his person and in his business and property by the actions and failure to refrain from intentionally harming Fuller by the Imprints' Defendants named in this Count of the Plaintiff's Complaint and by Defendants Brett Richard Hanson and Cindy L. Hanson by reason of the Defendants' Imprints and the Hansons' 18 USC 1962 actions, in that, as a direct and proximate cause of Defendants' Imprints and Brett Richard Hanson and Cindy L. Hanson's actions and failures to act or control Brett Richard Hanson, a[n] irrational alcoholic, in concert with one or more of the other named Defendants, Plaintiff has suffered damages which include loss of a law practice, loss of a law license, loss of privileges to practice in the United States District Court of the State of

Minnesota, the ability to earn as great a living, emotional distress, humiliation, mental anguish and loss of freedom and liberty. (Complaint, Para. No. 117, 197, 205, 213

To support a civil RICO claim, the complaint must allege injury to business or property caused by a racketeering violation. 18 U.S.C. § 1964(c). Doe v. Roe, 958 F.2d 763, 767 (7th Cir. 1992) citing Sedima, S.P.R.L. 473 U.S. at 495. Recovery for personal injuries such as emotional distress, humiliation and mental anguish are clearly outside the scope of a RICO action and cannot constitute an injury which will confer standing upon the plaintiff. With respect to claims involving plaintiff's loss of his law practice, loss of license, and ability to practice as alleged in para. Nos. 117, 197, 205, and 213, plaintiff has conveniently declined to directly address his involvement as a respondent in the attorney disciplinary proceedings in which those sanctions were imposed. Indeed, plaintiff's disciplinary action is clearly an important, if not the overriding factor which is conspicuously omitted from the recitation of facts, and any other allegations in the complaint, except by oblique references to the Minnesota Office of Lawyers Professional Responsibility.[8]

**Abstention.** The Court has previously discussed the existence of disciplinary proceedings against the plaintiff which resulted in a referee's findings and conclusions that plaintiff had violated provisions of the Minnesota Rules of Professional Conduct by withdrawing from representation of defendant Imprints without giving reasonable notice and without obtaining Court permission; by revealing confidences and secrets of clients; by making false statements regarding defendant Hanson's activities; by making false statements regarding his receipt of fees; and by submitting false information in the course of the disciplinary investigation.

---

[8] Complaint, Para. 107, 193, 201(c), 202, 209(b), 210, 224.

The Minnesota Supreme Court found that respondent Fuller had committed professional misconduct, and determined that the appropriate discipline would be indefinite suspension from the practice of law, based upon its review of the hearing record and the referee's findings and conclusions. Plaintiff now alleges in the context of a RICO action that he has suffered damages which include loss of a law practice, loss of a law license, loss of privileges to practice in the United States District Court of the State of Minnesota, and the ability to earn as great a living. It is not mere coincidence that the injuries alleged in this matter are either directly or consequentially the same as the sanctions imposed by the Minnesota Supreme Court in the disciplinary action, and the effect is that the present case is a proceeding which is the subject of a state court determination. In fact, the complaint contains specific allegations that defendant Olson, "assisted Hanson to file a false Complaint with the Minnesota Office of Lawyer's Professional Responsibility,"[9] (emphasis added), and that defendant Bushay "assisted Hanson to file, or prosecute, a false Complaint with the Minnesota Office of Lawyer's Professional Responsibility."[10] (Emphasis added). These allegations persuasively indicate the relationship between the state and federal proceedings. More particularly, the truth or falsity of the complaints in discipline proceedings is the subject of those proceedings; determinations relating to the allegations have already been made in state court decisions; and the present federal court action was commenced with the goal of obtaining findings and decision that conflict with prior state court determinations. Under the circumstances of this case, considerations of comity,

---

[9] Complaint, Para. 201(c).

[10] Id., Para. 209(b).

requiring respect and deference to the judicial decisions of other courts, are at the forefront.[11]

Pursuant to the Rooker–Feldman doctrine, lower federal courts do not have jurisdiction over challenges to state court judgments. Lemonds v. St. Louis County, 222 F.3d 488, 492 (8th Cir. 2000). The doctrine is named after two U.S. Supreme Court cases–Rooker v. Fidelity Trust Co., 263 U.S. 413, 44 S.Ct. 149 (1923), and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 103 S.Ct. 1303 (1983). Rooker holds that federal district courts have no appellate jurisdiction over state courts, and Feldman holds that federal district courts may not exercise judgment over issues that are "inextricably intertwined" with a prior state court judgment. Canal Capital Corp. v. Valley Pride Pack, Inc., 169 F.3d 508, 512 (8th Cir. 1999). A federal claim is inextricably intertwined when relief would effectively reverse or void the state court ruling. Id., citations omitted. Application of the Rooker–Feldman doctrine is jurisdictional and may be raised *sua sponte*. Lemonds v. St. Louis County, 222 F.3d at 492. The doctrine precludes both straightforward appeals and indirect attempts to undermine state court decisions. Id. The state and federal claims need not be identical and the federal action may be construed as a prohibited appeal essentially whenever the federal relief can only be predicated upon the determination that the state court decision was wrong. Id. at 493, citing Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 25, 107 S.Ct. 1519 (1987).

In his RICO claims plaintiff essentially asks the federal court to again consider issues that have been addressed and decided in the state court disciplinary action. This action falls squarely within the directives of the Rooker–Feldman doctrine in that it effectively compels review of previous state court findings and conclusions in his discipline action. It is not

[11] See Leino v.Lynda Nelson, 2001 WL 1141817 (D.Minn. August 23)(appeal pending).

important that pleadings in the state discipline matter be distinguished as defenses while being portrayed as evidence of RICO violations in the federal action. "[F]ederal plaintiffs cannot by artful pleading obtain a hearing of disguised state court appeals that would otherwise be subject to a Rooker–Feldman bar." Lemonds v. St. Louis County, 222 F.3d at 494. Furthermore, the action is precluded by the abstention doctrine under Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746 (1971), to the extent that the Minnesota Supreme Court retains jurisdiction over the case for purposes of monitoring compliance with sanctions and approving reinstatement or continued suspension. Review of the complaint in this federal matter, along with the referee's finding and conclusions and the Supreme Court decision in the state proceedings leads to the inescapable conclusion that plaintiff is seeking to re-litigate and receive vindication with respect to issues that were a focus of the discipline action. The federal court lacks jurisdiction to consider the RICO claims in this case and those claims should therefore be dismissed with prejudice and with respect to all defendants.

**Infliction of Emotional Distress Claim**

Plaintiff's claim for damages based upon state common law causes of action for infliction of emotional distress should be dismissed pursuant to 28 U.S.C. § 1367(c)(3) wherein the Court may decline to exercise supplemental jurisdiction when claims over which the court has original jurisdiction have been dismissed. Upon dismissal of federal RICO claims, the District Court has no independent subject matter jurisdiction over the remaining claims in this action. Dismissal of infliction of emotional distress claim from federal court on jurisdictional grounds is appropriate.

**Motion to Enjoin Future Litigation**

Defendants Brett and Cindy Hanson and Imprints have moved to enjoin plaintiff from commencing further litigation related to the facts and incidents set forth in the complaint without first obtaining leave of court. There is no showing that plaintiff has previously engaged in vexatious or harassing litigation that would justify a prohibition against filing future lawsuits and at present there is no indication that an order enjoining the filing of further lawsuits based upon the same set of facts is necessary in light of the protections afforded under doctrines of claim and issue preclusion. Harrelson v. United States, 613 F.2d 114, 116 (5th Cir. 1980). The motion to enjoin future litigation should be denied.

**RECOMMENDATION**

For the reasons stated above, it is **hereby recommended** that defendants' motions to dismiss be **granted** pursuant to Fed. R. Civ. P. 56 [Docket Nos. 4, 6, 8, and 19]; that federal claims be dismissed with prejudice with respect to all claims and all parties; that the Court decline to exercise supplemental jurisdiction with respect to infliction of emotional distress claims; and that the complaint in this matter be **dismissed**. It is **further recommended** the motion of defendants' Brett and Cindy Hanson and Imprints to strike responsive pleadings and to enjoin plaintiff from commencing litigation be **denied** [Docket No. 17].

Dated: 12/21/01

Arthur J. Boylan
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before January 4, 2002.

Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and file a complete transcript of the hearing within ten days of receipt of the Report.