**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Don B. Fuller,

Plaintiff,

v.

Brett R. Hanson a/k/a Robert B. Hanson a/k/a R. B. Hanson; Cindy L. Hanson; J.D.E., Inc. d/b/a Imprints; Imprints, Inc.; U.S. Workforce d/b/a Imprints; Imprint Technologies, Inc.; Imprint Technology's, Inc.; Safety Line, Inc.; Imprint Technologies, LLC; Jon David Hoilland; Thomas F. Miller; Vance O. Bushay; and Jeffrey A. Olson,

Defendants.

Civil No. 01-1109 (DWF/AJB)

**ORDER ON DEFENDANTS' MOTIONS TO DISMISS AND PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL**

---

Don B. Fuller, *Pro Se*, Fuller Law Office, 100 Fifth Street South, Suite 250, Minneapolis, MN 55402, Plaintiff.

Theodore J. Smetak, Esq., Arthur Champman Kettering Smetak & Pikala, 500 Young Quinlan Building, 81 South Ninth Street, Minneapolis, MN 55402-3214, counsel for Defendants Brett R. Hanson, Cindy L. Hanson, J.D.E., Inc., Imprints, Inc., U.S.A. Workforce d/b/a Imprints, Imprint Technologies, Inc., Imprint Technology's, Inc., Safety Line, Inc., and Imprint Technologies, LLC; John M. Degnan, Esq., and Christopher R. Morris, Esq., Bassford Lockhart Truesdell & Briggs, 3550 Multifoods Tower, 33 South Sixth Street, Minneapolis, MN 55402, counsel for Defendants Jon David Hoilland, Thomas F. Miller, and Jeffrey A. Olson; and Vance O. Bushay, Esq., Bushay Law Office, 701 Fourth Avenue South, Suite 500, Minneapolis, MN 55415, counsel for Defendant Vance O. Bushay.

---

Based upon the separate Report and Recommendations by United States Magistrate Judge Arthur J. Boylan dated December 21, 2001, and January 17, 2002, along with all the files and records, and no objections having been filed to said Recommendations,

**IT IS HEREBY ORDERED** THAT:

FEB 06 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD FEB 06 2002
DEPUTY CLERK

1. Defendants' motions to dismiss (Doc. Nos. 4, 6, 8, and 19) are **GRANTED** pursuant to Fed. R. Civ. P. 56.

2. The federal claims are **DISMISSED WITH PREJUDICE** with respect to all claims and all parties.

3. The Court declines to exercise supplemental jurisdiction with respect to the infliction of emotional distress claims.

4. The complaint in this matter (Doc. No. 1) is **DISMISSED**.

5. The motion of Defendants Brett and Cindy Hanson and Imprints to strike responsive pleadings and to enjoin Plaintiff from commencing litigation (Doc. No. 17) is **DENIED**.

6. The Plaintiff's request for consent to voluntary dismissal without prejudice (Doc. No. 29) is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: February 6th, 2002

DONOVAN W. FRANK
Judge of United States District Court

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

DATE MAILED TO COUNSEL/PRO SE PARTIES:

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make Additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

C:\FORMS\APPEAL NO. CIV
Rev. August 11, 1995